**Allen MILES, Jr.**

v.

**E. I. DUPONT DE NEMOURS & COMPANY.**

**Civ. A. No. 7398.**

United States District Court,
E. D. Texas,
Beaumont Division.

March 2, 1973.

---

3. Id. at 286.

James Bullock, Houston, Tex., for plaintiff.

Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

STEGER, District Judge.

### STATEMENT OF THE CASE

Plaintiff brings this suit as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff alleges that he and members of the class he represents were discriminated against by terms, conditions and customs in employment. Plaintiff further alleges that he was discriminatorily discharged from employment of Defendant and that discriminatory employment practices by Defendant occur in its employment practices. Plaintiff's complaint alleges that this suit is instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A., Section 2000e et seq. The jurisdiction of this Court is invoked to secure protection or to redress deprivation of rights covered by Title VII of the Civil Rights Act of 1964 and also, 42 U.S.C. § 1981, a statutory derivative of the Civil Rights Act of 1866. Plaintiff contends that he was illegally discharged on or about July 6, 1970, because of his race or color without reason in violation of Title VII of the Civil Rights Act of 1964.

Plaintiff alleges that this is a proceeding for a declaratory judgment as to the rights of the Plaintiff and the class he represents and for an injunction restraining Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff and the class he represents with respect to compensation, terms, conditions, and privileges of employment which deprives Plaintiff and the class he represents of equal employment opportunities. Plaintiff contends that the class he represents is composed of all Negroes employed by the Defendant prior to July 2, 1965, and those employed by the Defendant from that date to the time of trial.

Defendant denies each and every allegation contained in the Plaintiff's complaint, except paragraphs V and VI. Defendant further contends that the Plaintiff's complaint fails to state a claim upon which relief can be granted in that such complaint reflects on its face that it was not filed within the period of limitations provided in Title VII of the Civil Rights Act of 1964, which created the right of action upon which such complaint is purportedly based. Defendant further contends, in the alternative, that the Plaintiff Allen Miles, Jr., was discharged for just cause and was not discharged because of racial discrimination in violation of Title VII of the Civil Rights Act of 1964. Further in the alternative, Defendant contends that the Plaintiff, Allen Miles, Jr. is not a proper representative of the class he purports to represent, and that there has been no racial discrimination by the Defendant against any class of employees.

### FINDINGS OF FACT

1. The Plaintiff, Allen Miles, Jr., is a black male citizen of the United States and a resident of the State of Texas.

2. The Defendant, E. I. duPont de Nemours & Company, Inc. (hereinafter referred to as Dupont), is incorporated under the laws of the State of Delaware and maintains a plant in Beaumont, Texas, and is an employer within the meaning of that term as defined in Title VII of the Civil Rights Act of 1964.

3. Allen Miles, Jr. was first employed by the Defendant, duPont, at Beaumont, Texas, on or about September 16, 1965. On his written application for employment at duPont, Miles expressed no job preference but in his oral interview Miles indicated that he wanted a

job in the clerical field and since duPont was interested in placing blacks in all lines of employment, Miles was assigned as a clerk in the mail room.

4. duPont was not guilty of racial discrimination in assigning Allen Miles, Jr. to the mail room initially instead of placing him in the Production Department as an operator helper.

5. On or about April 21, 1966, Allen Miles, Jr. was promoted and transferred into the Production Department as an operator's helper, by bid and plant seniority. Prior to such time Miles was not eligible for transfer to another department because the quality of his work was unsatisfactory and the company policy regarding transfers between departments, which was applicable to all employees, reflected that an employee could not bid for a job in another department until he had accumulated six months' time in the department from which he was bidding.

6. duPont was not guilty of racial discrimination by refusing to permit the Plaintiff, Miles, to transfer into another department during the first few months of his employment at duPont.

7. On or about April 28, 1969, Allen Miles, Jr. was promoted to the job of operator, by bid and plant seniority, and continued in this job until his termination on July 6, 1970.

8. In June 1968 an opening developed as a mechanic in the Maintenance Department at duPont. Before Allen Miles was permitted to bid for the job, he was required by duPont to take a written Mechanic Reasoning Ability Test. Miles failed to pass the test. The Mechanical Reasoning Ability Test was subsequently validated in May 1969 by duPont by a study made within the guidelines established by the EEOC. Even if Miles had passed the MRA Test, he would not have obtained the job of mechanic because Miles had less plant seniority than the successful bidder for the job opening.

9. Allen Miles, Jr. was not denied the opportunity of working as a mechanic in the Maintenance Department by duPont because of racial discrimination.

10. On or about January 7, 1970 Allen Miles, Jr. slipped and fell while at work at duPont and saw the company doctor, Dr. Herbert Hennington. Shortly thereafter Allen Miles, Jr. went on vacation for three (3) weeks and then reported back to work at duPont at the end of his vacation period on or about February 3, 1970. After working one week, he reported ill on February 10, 1970, claiming severe back pains and did not report back to work until February 19, 1970.

11. Allen Miles, Jr. applied for disability wages for the time that he was off work from February 10, 1970 to February 18, 1970, but his application for disability wages was turned down by duPont because (1) the supervisors at duPont were not satisfied, after conferring with various doctors, that his absence from work during this period was due to his being disabled, and (2) disability wages were not payable under the company disability plan for disability due to an occupational injury or illness.

12. Allen Miles, Jr.'s application for disability wages for the time that he was off work from February 10, 1970, to February 18, 1970, was not rejected or disallowed by duPont because of racial discrimination.

13. On or about February 26, 1970, Allen Miles, Jr. was placed on disciplinary probation for a period of one (1) year by duPont because of excessive absenteeism in the preceding year (e. g., missing 39 working days in a seven-month period and being late on numerous other occasions, in addition to the last incident). Miles was also warned that any more absences of one or more days from work that were unexcused or for reasons that were not acceptable to management would be grounds for termination of his employment.

14. Allen Miles, Jr. was placed on disciplinary probation by duPont on or

about February 26, 1970 because of poor attendance in the preceding year and not because of racial discrimination.

15. Allen Miles, Jr. was absent from his scheduled work at the Beaumont Works of E. I. duPont de Nemours & Company, Inc. on July 1 and July 2, 1970, without excuse. He was confined during that time in the Jefferson County Jail at Beaumont, Texas, after he was arrested for passing a worthless check. Allen Miles, Jr. subsequently pleaded guilty to the misdemeanor offense of passing a worthless check and was assessed a fine of $25.00 and court costs, and ordered to make full restitution.

16. After the management officials of duPont reviewed Allen Miles, Jr.'s record of employment, probationary status and considered the reasons for Miles' absence from work on July 1 and July 2, Allen Miles, Jr. was discharged by duPont on or about July 6, 1970.

17. Allen Miles, Jr. was discharged by duPont on July 6, 1970, because his absence from work on July 1 and July 2, 1970, was considered unexcused and unacceptable to management, and, since he had been previously placed on disciplinary probation and warned that such action would result in his termination by the company, his actions, together with his past poor performance, poor attendance, unsatisfactory safety performance and attitude, indicated that he was a generally unsatisfactory employee.

18. Allen Miles, Jr. was discharged from employment by duPont for just cause and not because of racial discrimination.

19. In October 1970, the Plaintiff, Allen Miles, Jr., filed a formal charge of racial discrimination against duPont with the Houston office of the Equal Employment Opportunity Commission.

20. On or about July 15, 1971, the Plaintiff, Allen Miles, Jr., executed and filed with the Houston office of the Equal Employment Opportunity Commission a written instrument requesting that the EEOC issue to him a notice of his right to sue.

21. On or before July 15, 1971, the Plaintiff, Allen Miles, Jr., employed attorney James Bullock of Houston, Texas, to represent him in his claim of racial discrimination against duPont.

22. On or about July 15, 1971, the Plaintiff, Allen Miles, Jr., executed and filed a written instrument with the Houston office of the EEOC that he had established an attorney-client relationship with James Bullock, Esquire, an attorney in Houston, Texas, to represent Allen Miles, Jr. in his charge of racial discrimination against duPont then pending before the EEOC.

23. On July 29, 1971, the Director of the Houston Regional Office of the EEOC sent written notice to the Plaintiff, Allen Miles, Jr., of his right to bring a civil action against duPont within thirty (30) days.

24. On July 30, 1971, the Plaintiff, Allen Miles, Jr., received notice from the EEOC through his attorney, James Bullock, of Houston, Texas, of his right to bring a civil action against duPont.

25. On August 31, 1971, 32 days later, the Plaintiff Allen Miles, Jr. filed this suit in the Federal District Court at Beaumont, Texas, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A., Section 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C.A., Section 1981.

26. All testing by duPont for pre-employment and promotional purposes since October 1961 has been fairly administered and evaluated without regard to race of the applicant.

27. The tests used by duPont in connection with pre-employment and promotion of its employees have been validated by validation studies in accordance with guidelines set down by the Equal Employment Opportunity Commission. There is no evidence that the administration of the tests or examinations are done unfairly or that duPont uses the test results in a discriminatory fashion.

28. Employees and applicants for employment at duPont are allowed re-examination at any time a job opening ex-

ists for any position previously denied to them on the basis of test scores. Employees may re-take any and all such examinations as many times and at any time a job opening exists.

29. Prior to October, 1961, duPont employed Negroes only in the "labor" classification. Subsequent to October, 1961, duPont has not denied any position of employment to any applicant on the basis of race.

30. While the number of white employees employed by duPont has decreased since July 2, 1965, by approximately 10%, the number of black employees employed by duPont has increased by approximately 33⅓%.

31. duPont uses plant-wide seniority for purposes of promotion, lay-off, recall and inter-departmental transfer. duPont's system of plant-wide seniority is not racially discriminatory.

32. There has been at least one black foreman employed by duPont at the Beaumont Works and no evidence has been presented in this case which shows that any qualified black has been denied a supervisory job because of his race or color.

33. duPont has not engaged in any unfair employment practice involving racial discrimination in violation of Title VII of the Civil Rights Act of 1964, or the Civil Rights Act of 1866.

## CONCLUSIONS OF LAW

1. The Plaintiff's cause of action for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A., Section 2000e et seq., should be dismissed for lack of jurisdiction over the subject matter because Allen Miles, Jr. did not file his suit in the Federal District Court within thirty (30) days after receipt of notice of his right to sue from the EEOC.

2. duPont was not guilty of racial discrimination against Allen Miles, Jr. during his employment by duPont from September 16, 1965, to July 6, 1970.

3. The Plaintiff, Allen Miles, Jr., was discharged from employment by duPont on or about July 6, 1970, for just cause under all of the facts and circumstances.

4. The discharge of the Plaintiff, Allen Miles, Jr., on or about July 6, 1970, by duPont was based entirely on his failure to perform his duties in a manner reasonably acceptable to the company, and such decision was not based upon, or motivated by, racial discrimination and therefore was not in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A., Section 2000e et seq., or the Civil Rights Act of 1866, 42 U.S. C.A., Section 1981.

5. Allen Miles, Jr. is not a proper representative of any class of Negro employees who might have been discriminated against because of race or color.

6. The Plaintiff has failed to show the existence of any class of persons discriminated against on the basis of race or color prior to July 2, 1965, which class is still suffering the effects of such prior discrimination.

7. Neither Allen Miles, Jr., nor any other black employee of duPont has been discriminated against because of the testing program administered by duPont.

8. duPont's system of plant-wide seniority is not racially discriminatory.

9. The Plaintiff has not shown that duPont has engaged in any unfair employment practices involving racial discrimination since July 2, 1965.

10. There has not been shown to be any identifiable class of persons which has been discriminated against because of race or color by duPont subsequent to July 2, 1965.

11. The Plaintiff, Allen Miles, Jr., has not shown that he will fairly and adequately protect the interests of the class he purports to represent.

12. The Plaintiff has not shown himself to be a member of any class of em-

ployees currently suffering from racial discrimination or its effects, nor has he met the prerequisites of Rule 23(a), F. R.C.P.

13. The Plaintiff is not entitled in this case to injunctive relief, declaratory relief, damages, or attorney's fees.

Judgment shall be entered accordingly.